IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
|     OTIS W. TERRY, JR., | : | |
|         DEBTOR. | : | BANKRUPTCY NO. 13-14780-MDC |

# MEMORANDUM

## INTRODUCTION

On October 31, 2013, this Court held a hearing (the "Hearing") to address the Motion for Relief from the Automatic Stay dated October 7, 2013 (the "Motion"), filed by 2013 N. 16th St., LLC (the "Movant"). The Motion seeks relief from the automatic stay to permit it to pursue its state court remedies with regard to real property located at 7128 Mount Airy Place, Philadelphia, Pennsylvania (the "Property"). At the Hearing, both the Movant and Otis W. Terry, Jr. (the "Debtor") appeared. During argument, the parties agreed that none of the relevant facts are in dispute. The parties' only disagreement lies with whether the Debtor's attempt to redeem the Property is legally sufficient.

Pursuant to the Debtor's Chapter 13 Plan filed with this Court as of June 13, 2013 (the "Plan"), the Debtor proposes to pay the Movant a total of $135,000 consisting of a lump sum payment of $60,000 to be made on or before May 1, 2014, and a series of sixty monthly payments of $1,250 (the "Redemption Amount"). The Movant challenges the Debtor's right to retain his interest in the Property by paying the Redemption Amount over the course of the Plan period. The Movant argues that the Debtor's interest in the Property expired as of September 12, 2013, when the Debtor failed to tender the full amount of the Redemption Amount in accordance with 55 P.S. §7293, *et seq.* The parties conceded that the Movant would be entitled to relief only if the Debtor was not entitled to pay over the course of his plan the amount to redeem his interest in the Property.

To assist this Court's determination of a purely legal issue, the parties agreed to file post-Hearing memoranda addressing the issue. Having received the parties' post-hearing memoranda and given full consideration to the arguments contained therein, this Court is now prepared to issue its decision.

**FACTUAL BACKGROUND**

On September 19, 2012, the Philadelphia Sheriff's Office conducted a tax sale to collect unpaid taxes due on the Property (the "Sheriff's Sale"). The Movant was the successful bidder and paid $120,000 to the Philadelphia Sheriff's Office. On December 11, 2012, the Philadelphia Sheriff's Office signed and delivered a deed evidencing the transfer of the Property to the Movant (the "Tax Deed"). The Tax Deed evidencing the sale was recorded on January 5, 2013. Shortly thereafter, the Movant filed in the Philadelphia Court of Common Pleas a Complaint in Ejectment dated January 10, 2013, Case ID: 130100821 (the "Ejectment Action"), against the Debtor and Patricia Terry, the Debtor's sister and co-owner of the Property. After no answer was filed in the Ejectment Action, the Movant filed a Praecipe for Entry of Default Judgment dated April 2, 2013. On the next day, April 3, 2013, the Movant filed a Praecipe for Writ of Possession. On May 30, 2013 (the "Petition Date"), the Debtor filed for Chapter 13 relief thereby staying the Ejectment Action.

On June 4, 2013, the Movant filed its first Motion for Relief from Stay (the "First Motion") seeking relief from the automatic stay to permit the continuation of the Ejectment Action. After a hearing on the First Motion, this Court took under advisement the issue of whether the Debtor held an unexpired right of redemption under Pennsylvania law pursuant to 53 P.S. §7293 (the "Right of Redemption"). On August 14, 2013, this Court entered an Order (the "Original Order") addressing whether the Debtor retained any interest in the Property. Relying on the analysis of Bankruptcy Judge Judith K. Fitzgerald contained in *In re Hammond*, 420 B.R. 633 (Bankr. W.D. Pa. 2009), this Court determined that the Debtor held an unexpired right to redeem the Property, Original Order, ¶1, and scheduled a continued hearing for September 19, 2013, to determine the remaining issues presented by the First Motion. At the continued hearing, this Court denied the First Motion on the basis of this Court's determination that the Debtor's right to redeem had not expired and therefore the Movant, based upon the arguments raised by the First Motion, was not entitled to relief.

Two days prior to the September 19 hearing, the Movant filed a Memorandum dated September 17, 2013, wherein the Movant argued, for the first time, that it was entitled to relief because the Debtor

2

was required to exercise its right of redemption, including the payment in full of any amount due pursuant to 53 P.S. §7293 (the "Redemption Amount") on or before September 12, 2013. At the continued hearing, the Movant reiterated its argument that the Bankruptcy Code does not allow the Debtor to stretch the payment of the Redemption Amount over the entirety of the Plan's period. Because the Movant had not raised this argument in support of its First Motion and the Debtor had not been afforded an opportunity to address the issue, this Court refused to consider it. *See, e. g.*, *In re PRS Ins. Group, Inc.*, 335 B.R. 77, 80 (Bankr. D. Del. 2005) (recognizing a decision is invalid if it is premised upon a determination outside of the adversarial issues presented by the parties). After dismissal of the First Motion, the Movant then filed the instant Motion asserting this argument as a basis for relief.

**DISCUSSION**

In support of its Motion, the Movant filed a Memorandum of Law dated December 5, 2013, wherein the Movant argued that the Debtor's §1322 rights are inapplicable to the payment of the Redemption Amount and therefore he may not stretch the payment over the Plan period. The Movant argues that §1322(b) is not applicable because the Movant is not the holder of a claim. The Movant cites no legal authority in support of its argument that the Debtor owed no obligation to the Movant. Despite the shortcomings of the Movant's briefing, this Court has considered the Movant's position and declines to adopt it.

The Debtor's Chapter 13 estate, as defined by §541(a) of the Bankruptcy Code, consists of "all legal or *equitable interests* of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a) (emphasis added). Therefore, any interests in the Property that the Debtor retained after the Sheriff's Sale and as of the Petition Date, inured to the benefit of his Chapter 13 estate. The scope and nature of a debtor's interests are determined according to applicable state law. *Butner v. United States*, 440 U.S. 48, 55 (1979); *In re O'Dowd*, 233 F.3d 197, 202 (3d Cir. 2000); *In re Greenly*, 481 B.R. 299, 308 (Bankr. E.D. Pa. 2012). Once a debtor's state-law interests are delineated, a debtor may turn to the Bankruptcy Code to evaluate what may be done with those rights to enable her rehabilitation. *See, e.g., BFP v. Resolution Trust Corp.*, 511 U.S. 531 543 (1994) (recognizing Congress may override state law in

3

the bankruptcy context); *In re Allentown Ambassadors*, *Inc.*, 361 B.R. 422, 426 n.32 (Bankr. E.D. Pa. 2007) (recognizing that debtor's interests as determined under applicable nonbankruptcy law may be "overridden" by specific provisions of the Bankruptcy Code); *In re Hollins*, 150 B.R. 53, 54 (Bankr. D. Or. 1993) (holding that §1322(b)(3) preempts Oregon's state law redemption procedures).

Under Pennsylvania law, it is well-settled law that the purchaser at a sheriff's tax sale does not acquire the entirety of an owner's interests. *In re Hammond*, 420 B.R. 633, 635 (Bankr. W.D. Pa. 2009); *Hess v. Potts*, 32 Pa. 407 (1859). Rather, the purchaser acquires a defeasible title. *Hammond*, 420 B.R. at 635; *Hess*, 32 Pa. at 407. The purchaser does not obtain an absolute title to the property until the passage of the redemption period. *Hammond*, 420 B.R. at 635; *Shalemiller v. McCarty*, 55 Pa. 186, 188 (1867); *City of Philadelphia v. Miller*, 126 A.2d 812, 815 (Pa. Super. 1956). In the interim, the owner retains substantial interests in the property, including but not limited to, the right to possession. As this Court has previously determined, those interests included the Debtor's unexpired right of redemption. Original Order, ¶1. The question then turns on what, under applicable nonbankruptcy law, the Debtor may do with this right and whether application of the Bankruptcy Code affords the Debtor additional remedies.

The Debtor maintains that he exercised his right of redemption prior to the expiration of the redemption period by filing his Plan on June 13, 2013. Pursuant to the Plan and to the extent the Movant's interest in the Property is allowed by this Court, the Debtor proposes to pay to the Movant a total of $135,000 (the "Redemption Amount"). In relevant part, the Plan provides:

> 9. The debtor shall be paying off 100% of 2013 N 16th Street LLC's allowed secured claim, to the extent said claim is not void, avoided, or subject to avoidance, and debtor shall be required to make no payments to 2013 N 16th Street LLC other than the following.
> Commencing on the effective date of the plan:
> a. Debtor shall pay directly to 2013 N 16th Street LLC, or such agent or servicer as it designates, equal monthly payments of $1250.00 over the sixty (60) months of the plan.
> b. Debtor shall pay directly to 2013 N 16th Street LLC, or such agent or servicer as it designates, a lump sum payment of $60,000.00 from the reimbursement check debtor will receive from the Sheriff's Office for excess proceeds from the sale of the property. Debtor shall make this lump sum payment of $60,000.00 to 2013 N 16th Street LLC on or before May 1, 2014.

Plan, ¶9.

Pennsylvania law provides that an owner of property sold at a sheriff's sale may "redeem the [property] at any time within nine months from the date of the acknowledgement of the sheriff's deed…" 53 P.S. §7293(a) (emphasis added); *see also U.S. Bank. Nat. Ass'n v. Parker*, 962 A.2d 1210, 1212 (Pa. Super. 2008) (discussing redemption procedure); *Diamonds and Gold Inc.*, 850 A.2d 642, 646-47 (Pa. Super. 2004) (same). It is undisputed that the Plan was filed prior to the running of the redemption period. Because the Debtor filed the Plan within the statutory period, this Court is not required to address the effect of §108(b) upon the expiration of the statutory period. *See, e.g., In re Rugroden*, 481 B.R. 69, 77 (Bankr. N.D. Cal. 2012) (finding that §108 was the debtor's only means of extending the redemption period and acknowledging that plan did not provide for any payment to purchaser in support of debtor's exercise of his right of redemption); *In re Farmer*, 81 B.R. 857, 859-60 (Bankr. E.D. Pa. 1988) (holding that §108(b) is the only source for extension of the redemption period).[1] As opposed to those decisions addressing the application of §108(b), the issue here is the sufficiency of the Debtor's timely attempt to redeem his interest. The Debtor argues that because he timely exercised his right of redemption he may avail himself of the provisions of §1322(b) to preempt the provisions of Pennsylvania state law that require the payment of the full amount of the Redemption Amount and afford the Debtor, pursuant to his Plan, the opportunity to pay the Redemption Amount over the Plan period. In other words, the Debtor argues that the provisions of §1322(b) trump applicable state law.

To redeem a property sold at a tax sale, the owner is required to make a payment to the purchaser in the amount of the bid plus other statutory costs, including 10% interest per annum. 53 P.S. §7293(a);

---

[1] While many cases address whether §108 may be relied upon to extend the time to exercise a right of redemption, those cases invariably turn on the fact that the debtor failed to take action to redeem its interest within either the applicable statutory period or the applicable statutory period as extended by §108(b). *See, e.g., Rugroden*, 481 B.R. 69, 77 (Bankr. N.D. Cal. 2012); *In re Isom*, 342 B.R. 743, 746 (Bankr. N.D. Miss. 2006); *Farmer*, 81 B.R. at 857. The line of decisions addressing the apparent conflict between §§108(b) and 1322(b) do not address whether a debtor may redeem its interest by filing, within the applicable statutory period, a plan that provides for the payment of the redemption amount. *Compare Rugroden*, 481 B.R. at 77 (finding that §108 was the debtor's only means of extending the redemption period and acknowledging that filed plan did not provide for any payment to purchaser in support of debtor's exercise of his right of redemption) *with Scorpion Group, LLC v. Francis (In re Francis)*, 489 B.R. 262, 267 (Bankr. N.D. Ga. 2013) (addressing debtor who filed, within the §108(b) period, a plan proving for payment of redemption payment); *In re Kasco*, 378 B.R. 207 (Bankr. N.D. Ill. 2007) (same). By requiring the filing, *within the applicable statutory period*, of a plan providing for the payment of the redemption amount, this Court is giving full effect to both §§108(b) and 1322(b).

5

*Hess*, 32 Pa. at 407 (determining that redemption amount should be paid to purchaser). In applying this statute, Pennsylvania courts have recognized that "this redemption statute is to be liberally construed so as to effect its objective and to promote justice." *City of Philadelphia v. Taylor*, 465 A.2d 33, 35 (Pa. Super. 1983) (addressing petition to redeem property). Contrary to the Movant's position, the statute does not require an owner to complete payment to the purchaser prior to the expiration of the redemption period. 53 P.S. §7293(b) (setting forth procedure for exercising right of redemption).[2] The party attempting to redeem its interests in a property is required to present a petition to an appropriate court setting forth sufficient facts establishing its right of redemption and its readiness to pay the redemption amount. 53 P.S. §7293(b); *see e.g., City of Philadelphia v. Chicken's Place, Inc.*, 565 A.2d 182 (Pa. Super. 1989). As long as an adequate petition is filed within the redemption period, it is of no consequence that the redemption amount is paid at a later date. *City of Philadelphia*, 465 A.2d at 35 (holding that the time restriction of 53 P.S. §7293(a) does not mandate that all acts of redemption, including final payment of the redemption money, must be completed within the redemption period); *City of Philadelphia v. Chin*, 535 A.2d 110, 112 (Pa. Super. 1987) (confirming *Taylor*'s holding).

In *Taylor* and *Chin*, the courts held that the delivery of payment to the purchaser *after the redemption period* was not fatal to the owner's rights. Rather, the courts recognized that delays caused by the judicial process or attributable to disputes between the parties as to the proper amount of the redemption amount were sufficient to justify extension of time to complete payment. In *Chin*, the Court went as far as to permit delivery of payment three years after the expiration of the statutory redemption period. *City of Philadelphia v. Chin*, 535 A.2d at 113 (finding that delay was the result of a good faith dispute between the parties as to the amount of the redemption amount). Thus, even under applicable

---

[2] In relevant part, §7293(b) reads:

> Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

53 P.S. §7293(b).

6

state law, the Movant's position that §7293(a) imposes an absolute deadline is technically incorrect. If Pennsylvania law recognizes that a purchaser's property rights may be modified to account for delays attributable to the judicial process or the conduct of the purchaser, this Court sees no reason why a purchaser's property rights may not be similarly modified by application of the Bankruptcy Code. Absent an express provision of the Bankruptcy Code preventing such modification, this Court is without a basis to determine why a purchaser's property rights should be protected from modification. *See, e.g., Nobelman v. American Sav. Bank*, 508 U.S. 324, 330 (recognizing that §1322(b)(5), notwithstanding the antimodification provisions of §1322(b)(2), permits the modification of a creditor's property interests to allow for payment of mortgage arrearages over the life of a plan).

This Court has previously concluded that the Debtor possessed an unexpired right of redemption and that interest inured to the benefit of his bankruptcy estate. Despite this finding, the Movant argues that it does not hold a claim against the Debtor. This Court finds the Movant's argument to be unavailing. Contrary to the Movant's argument, the Debtor did owe, as of the Petition Date, an enforceable obligation to the Movant. Absent the timely exercise of his redemption rights, the Debtor was obligated to transfer his remaining interest, inclusive of the right to possession, in the Property to the Movant. *See, e.g.*, 11 U.S.C. §102(2) (providing that claims include claims to the property of the estate and not just a right to payment).[3] The Movant may enforce this obligation and, despite its statements to the contrary, the enforcement of this obligation is exactly what the Movant is seeking to accomplish through the filing of the instant Motion. *See, e.g.,* Motion, ¶23 (stating that cause exists to permit the Movant to "exercise its State law and State court remedies with respect to the Property"). Because the Movant is the holder of a claim, the Debtor may, consistent with §1322(b), provide for the treatment of the Movant's claim in the Plan by payment of the Redemption Amount over the Plan period.

In reaching this result, this Court once again adopts the analysis of Bankruptcy Judge Fitzgerald

---

[3] For whatever reason, the Movant's arguments make no reference to the broad definition of provided by §102(2). In discussing whether the Debtor owed an obligation to the Movant, the Movant relied exclusively on "The Merriam Webster Dictionary." No legal authority was cited. *See, e.g., Glidepath Holding v. Spherion Corp.*, 590 F.Supp.2d 435, 459 n.9 (S.D.N.Y. 2007) (recognizing that a court is under no obligation to consider arguments unsupported by citation to legal authority).

in *Hammond*, 420 B.R. at 633.  In *Hammond*, the court addressed a procedurally similar issue.  Prior to the bankruptcy filing, a property in which the debtor held an ownership interest was sold at a sheriff's tax sale.  After the sheriff acknowledged the deed evidencing the purchaser's interest in the property, the debtor filed for chapter 13 relief.  As here, the court recognized that as of the petition date the purchaser held "an inchoate, defeasible title which does not change the status or title of the property until the redemption period has passed." *Id.* at 635.  Within the statutory redemption period, the debtor filed a plan that provided for the payment to the purchaser of the redemption amount.  The court determined that until the expiration of the redemption period, "[t]he purchaser's only absolute interest in the property… is to receive the money paid on redemption." *Id*.  Accordingly, the court determined that the purchaser was the holder of a claim that may be addressed in her plan pursuant to §1322(b). *Id*. at 636.

In attempting to argue that it is not in fact the holder of a claim that may be modified pursuant to §1322(b), the Movant argues that the court in *Hammond* incorrectly relies on Illinois law to interpret the rights of the parties as provided by Pennsylvania law.  The Movant argues that cases addressing Illinois law are not persuasive because applicable Illinois law does provide for a purchaser at a tax sale to acquire title to a property whereas applicable Pennsylvania law provides for a purchaser at a tax sale to acquire title to a property at the conclusion of the tax sale.  The Movant cites no precedent to buttress its argument that Pennsylvania law is sufficiently different from Illinois law so as to preclude a Chapter 13 debtor from exercising her redemption right by making payment over the course of the plan period.[4]  Moreover, the Movant wholly ignores the significant distinction between the acquisition of a defeasible title and the acquisition of absolute title.  Upon acknowledgement of the Tax Deed, the Movant acquired the former and not the latter.

Contrary to the Movant's analysis, *Hammond* does not rely upon Illinois case law to determine the scope of the debtor's state law rights.  The Movant conflates two inquiries that *Hammond* treated as

---

[4] This Court observes that Bankruptcy courts of other jurisdictions have found the analysis of the Illinois decisions persuasive in their application of the law of other jurisdictions. *See, e.g., In re Martin*, 496 B.R. 323 (Bankr. S.D.N.Y. 2013) (applying New York law); *In re Francis*, 489 B.R. 262 (Bankr. N.D. Ga. 2013) (applying Georgia law).

separate. First, the court determined the scope of the Debtor's state law rights. Then, the court determined the scope of the Debtor's federal Bankruptcy rights as they applied to the state law rights that had accrued to the debtor's estate. With regard to the first inquiry, Bankruptcy Judge Fitzgerald relied upon Pennsylvania decisions to determine the rights of a purchaser as a tax sale. She wrote:

> Under Pennsylvania law, a purchaser at a tax sale acquires an inchoate, defeasible title which does not change the status or title of the property owner until the redemption period has passed. *Appeal of Singer*, 7 A. 800, 801 (Pa. 1887). *See also City of Philadelphia. v. Woodside*, 10 Pa. D. & C. 565 (Pa. Com. Pl. 1928). *See also* 72 P.S. §5941.3 (a tax sale purchaser takes real estate free and clear of delinquent taxes subject to the right of redemption). The purchaser's only absolute interest in the property until the redemption period expires is to receive the money paid on redemption. *Shalemiller v. McCarty*, 55 Pa. 186, 188 (Pa. 1867). The purchaser has no claim to possession or ejectment against an owner during the redemption period. *Easton v. Sulkin*, 19 Pa. D. & C. 152 (Pa. Com. Pl. 1933). *See also* 72 P.S. §6071 (right of redemption).

*Hammond*, 420 B.R. at 635.

Conspicuously absent from this analysis is any reference to an Illinois decision. As is plain from the text of her opinion, she did not rely on Illinois decisions to determine the scope of the Debtor's rights under Pennsylvania law. Rather, her decision is entirely consistent with Pennsylvania case law that has consistently held that a purchaser at a tax sale does not hold absolute title until the expiration of the redemption period. *Shalemiller v. McCarty*, 55 Pa. 186, 188 (1867); *City of Philadelphia v. Miller*, 126 A.2d 812, 815 (Pa. Super. 1956). To the extent she relied on Illinois decisions, she did so to aid in her analysis of the second inquiry, the application of federal Bankruptcy law to the debtor's state law rights.

In determining that *Hammond* properly conducted the second inquiry, this Court is persuaded by the analysis contained in *Francis*. In *Francis*, the bankruptcy court addressed the rights of a purchaser to property that was purchased at a prepetition tax sale. The purchaser had acquired legal title to a commercial property pursuant to a prepetition tax sale. Prior to the running of the redemption period, the debtor filed for Chapter 13 relief. Within the redemption period, the Debtor filed a Chapter 13 plan that sought to redeem the property by stretching out the payment of the redemption amount over the course of her plan period. Applying Georgia law, the bankruptcy court wrote:

> First, under Georgia law, it is the rights the debtor retains after the tax sale that Scorpion claims. Scorpion wants the Debtor's remaining equitable rights to be eliminated, and it

9

> was attempting to foreclose those rights. It wants the right to possession of the Property, the right to use the Property, the right to rent the Property, and the full 100 percent fee interest in the Property. The foreclosure process, however, was not completed at the time the bankruptcy petition was filed. The Debtor is in much the same position as the owner of property subject to a non-recourse lien. Even if the Debtor is not personally liable to Scorpion in a civil proceeding, the Debtor's underlying obligation remains enforceable against her property. Consequently, Scorpion holds a claim for the Debtor's equitable interest remaining in the Property, including her right to use it and to possess it, or the monetary value thereof (the redemption price).
>
> …
>
> Here, the Debtor breached her obligation to pay taxes, which led to the tax sale, and ultimately to the right of Scorpion to foreclose. But the law provides that Scorpion's right to foreclose can be eliminated by the payment of the redemption price. Scorpion holds a claim because it wants the Debtor's interest in the Property and state law defines in monetary terms what it takes to eliminate or satisfy Scorpion's right to obtain that interest in Property. *There is no question this claim can be translated into monetary terms because the state law sets out those terms*.

*Francis*, 489 B.R. at 268-69 (emphasis added).

Based upon this Court's review of Pennsylvania law, this Court concludes that it is sufficiently similar to the Georgia law to warrant the same conclusions as to the respective rights of the Debtor and the Movant. As in *Francis*, the Debtor retains equitable rights to the Property and, as of the Petition Date, the Movant possessed a claim to these rights that may be reduced to a monetary amount. The redemption period did not run prior to the Debtor's filing for Chapter 13 relief. Consistent with the Debtor's Chapter 13 rights, this Court finds that the Movant is the holder of a claim and that that claim may be modified pursuant to §1322(b). By filing his Plan within the applicable redemption period, the Debtor has timely applied §1322(b) to modify the Movant's claim. To the extent this result varies the parties' respective rights under applicable non-bankruptcy law, this Court is comfortable that the provisions of §1322(b) control and that this result is consistent with the policies favoring a debtor's rehabilitation.

## CONCLUSION

Based on the preceding analysis, this Court will deny the Motion. Because the Movant is the holder of a claim that may be modified pursuant to §1322(b), the Debtor may provide for the payment of the Redemption Amount over the course of his Plan period.

Dated: February 24, 2014

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

11