IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re:                                                 :
                                                       :  In Chapter 13
OTIS W. TERRY, JR.,                                    :
                                                       :  Bankruptcy No: 13-14780 (MDC)
                           Debtor.                     :
-------------------------------------------------------x
```

**THE CITY OF PHILADELPHIA'S**
**<u>MOTION TO DISMISS</u>**

TO THE HONORABLE MAGDELINE D. COLEMAN:

AND NOW, comes the City of Philadelphia, (the "City"), by and through its Counsel, James C. Vandermark, Assistant City Solicitor, to move this Honorable Court, pursuant to 11 U.S.C.§ 1307(c), to dismiss the bankruptcy case of the captioned debtor (the "Debtor"). The City avers the following in support thereof:

1. On or about May 30, 2013, the Debtor filed a voluntary petition (the "Petition") for Chapter 13 bankruptcy with this Court.

2. On June 13, 2013, the Debtor filed a Schedule A alleging he is a co-owner of the property addressed 7128 Mount Airy Place, Philadelphia, PA (the "Subject Property").

3. On September 9, 2012, the Sheriff of Philadelphia County (the "Sheriff") sold the Subject Property at a tax sale (the "Tax Sale") for $120,000 and subsequently recorded a deed with the City's Department of Records transferring title of the Subject Property to 2013 North 16th Street, LLC (the "Buyer").

4. When the Debtor filed the Petition, the Sheriff had conveyed the Subject Property to the Buyer who was the sole owner of the Subject Property; therefore, the Debtor was not a co-owner of the Subject Property.

5. On June 25, 2014, the Debtor, Patricia Terry, the Buyer, and Todd Joseph filed a Stipulation of Settlement (the "Stipulation") seeking to void the Tax Sale and directing the Sheriff to distribute proceeds of the Tax Sale.

6. On July 6, 2014, the City filed an Objection to the Stipulation asserting the Tax Sale should not be voided.

7. On September 18, 2014, this Court entered a Consent Order which effectively denied the City's Objection to the Stipulation by voiding the Tax Sale.

8. On September 29, 2014, the City filed a Notice of Appeal regarding the Consent Order.

9. On October 15, 2014, after paying all expenses associated with the sale of the Subject Property, the Sheriff provided the Debtor with a check for $64,000.40.

10. On June 24, 2014, the Debtor filed the First Amended Chapter 13 Plan of the Debtor (the "Plan").

11. The Plan provides for claims filed by the City but states that the City's claims are not to be paid. *See* The Plan, at ¶¶2(c) and 3(c).

12. The Plan also provides that "all creditors holding claims agree not to make any effort to collect their claims from any co-signers that may exist, so long as this case remains pending, and further agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this plan" which may prohibit the City from

seeking relief from the automatic stay and collecting the Real Estate Taxes even though the Plan does not provide for their payment.  *See* The Plan, at ¶9.

13. The only pre-petition debt provided for by the Plan is $652 of a priority claim owed to the City.

14. This bankruptcy case and the Plan were primarily filed to regain ownership of the Subject Property which effectively created debt from the avoidance of the Tax Sale.

15. The Plan effectively prevents the Buyer, who may be the owner of the Subject Property, from paying local real estate taxes and water and sewer bills.  *See* The Plan, at ¶ 17.

16. The Plan limits the exceptions to discharge provided for by the Bankruptcy Code.  *See* The Plan, at ¶ 24.

17. The Debtor now holds in excess of $64,000 which could be used to pay pre-petition debt.

18. The Debtor filed the Petition in bad faith because he was seeking to regain ownership of the Subject Property and not seeking to address his debts.  *See In re Myers*, 491 F.3d 120, 125-126 (3d Cir. 2007)("bad faith exists 'where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose'").

19. The Petition, and subsequently the Plan, were not filed in good faith because they were not filed to pay prepetition debts, seek to misuse the Bankruptcy Code by improperly creating debt arising from the avoidance of the Tax Sale, and prevents creditors from pursuing their rights to address defaults on post-petition debts; therefore, the Debtor's bankruptcy case should be dismissed.  *See In re Mondelli*, 558 Fed.Appx.

260, 263 (3d Cir. 2014) (*citing In re Lilley*, 91 F.3d 491 (3d Cir. 1996); *See also In re Estus*, 695 F.2d 311, 317 (8th Cir. 1982); *In re Dahlgren*, 418 B.R. 852, 857-861 (Bankr. D. N.J. 2009).

WHEREFORE, the City respectfully requests that this Court DISMISS the Debtor's bankruptcy case.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: October 17, 2014    By:    */s/ James C. Vandermark*
JAMES C. VANDERMARK
Assistant City Solicitor
PA Attorney I.D. 306944
NJ Attorney I.D. 013072009
Attorney for the City of Philadelphia
City of Philadelphia Law Department
Municipal Services Building
1401 JFK Boulevard, 5th Floor
Philadelphia, PA  19102-1595
215-686-0521 (phone)
Email: james.vandermark@phila.gov