**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:   Otis W. Terry, Jr.,                        :         Chapter 13
                                                                :
            Debtor                                       :         Bankruptcy No. 13-14780 (MDC)


**APPLICATION FOR EXEMPTION FROM FINANCIAL MANAGEMENT
COURSE AND DOMESTIC SUPPORT OBLIGATION FORM**

Deceased Debtor Otis W. Terry, Jr., by his attorney, hereby requests this Court

exempt him from the Financial Management Course Requirement and Domestic Support

Obligation Certification:

1.      On May 30, 2013, Debtor filed the above-captioned voluntary Chapter 13

bankruptcy petition.

2.      Debtor passed away on November 10, 2014.

3.      Debtor's Chapter 13 Plan was confirmed on February 6, 2015.

4.      Pursuant to the Chapter 13 Standing Trustee's Final Report and Account,

filed on April 15, 2016, Docket No. 159, the case was completed on January 13, 2015.

5.      In this case, Debtor is not a debtor who is required to pay a domestic

support obligation pursuant to 11 U.S.C. 1328(a).

6.      A review of Debtor's Schedule E reflects that Debtor had no domestic

support obligations at the time he filed his Chapter 13 case. A true and correct copy of

Debtor's Schedule E, filed on June 13, 2013, Docket No. 13 is attached hereto as Exhibit

A.

7.      No claim for a domestic support obligation has been filed in this case.

8.      Section 1328(a) provides the source of the rule requiring a debtor to file a certification affirming that all domestic support obligations have been paid.

9.      The certification form adopted by this Court permits a debtor to certify that he either is or is not required to pay a domestic support obligation, but 11 U.S.C. 1328(a) does not require any such certification if no obligation ever existed in the first place.

10.      Accordingly, Debtor is not required to file a Domestic Support Obligation Certification.

11.      Moreover, Debtor's death excludes him from the Personal Financial Management Requirement of 11 U.S.C. §1328(g).

12.      11 U.S.C. §1328(g) prohibits a Chapter 13 debtor from being granted a discharge, "unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111." 11 U.S.C. § 1328(g)(1). However, the provisions of this section do not apply "with respect to a debtor who is a person described in section 109(h)(4)," 11 U.S.C. § 1328(g)(2).

13.      Section 109(h)(4) excludes a debtor "who the court determines, after notice and hearing, is unable to complete [the personal financial management course] because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).

14.      Disability is defined in § 109(h)(4) as meaning that a debtor "is so physically impaired as to be unable, after reasonable effort, to participate in [the personal financial management course]." 11 U.S.C. § 109(h)(4).

15.      The death of a debtor constitutes a disability under § 109(h)(4). *In re*

*Bouton*, 2013 Bankr. LEXIS 4231, at *1 (Bankr. S.D. Ga. Oct. 7, 2013) (citing *White v.*

*Glenville Bank*, 2011 U.S. Dist. LEXIS 157772, at *8 (S.D. Ga. Aug. 16, 2011)) ("Death

is a disability, and a debtor's inability to complete an instructional course does not

preclude a posthumous discharge.").

16.     As such, Debtor should be exempted from the personal financial

management course requirement of § 1328(g) because he is unable to complete the

course due to disability.

WHEREFORE, Debtor, by his attorney, requests this Honorable Court enter the

Order attached hereto exempting Debtor from the Financial Management Course

Requirement and the Domestic Support Obligation Certification.


Respectfully submitted,

s/ Jane P. Nylund
Jane P. Nylund, Esq.
Irwin Trauss, Esquire
Philadelphia Legal Assistance
Attorney for Debtor
718 Arch Street, Suite 300N
Philadelphia, PA 19106
jnylund@philalegal.org
(215) 981-3873
itrauss@philalegal.org
(215)981-3811

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


IN RE:   Otis W. Terry, Jr.,                          :          Chapter 13
                                                      :
               Debtor                                 :          Bankruptcy No. 13-14780 (MDC)


**ORDER**


        AND NOW, this _____day of _____, 2016, upon consideration of the

Application for Exemption from Financial Management Course Requirement and

Domestic Support Obligation Certification and any response thereto, it is hereby

**ORDERED** that said motion is **GRANTED**.  Debtor is excused from participating in the

Financial Management Course and from filing a Certification regarding Domestic

Support Obligations and in accordance with the recommendation of the Chapter 13

Standing Trustee, the court shall enter a Discharge Order.


                                          BY THE COURT:


                                          _____
                                                                    J.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


IN RE:   Otis W. Terry, Jr.,                    :         Chapter 13
                                                :
              Debtor                            :         Bankruptcy No. 13-14780 (MDC)


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the attached Application for Exemption from

Financial Management Course Requirement and Domestic Support Obligation

Certification was served electronically by the ECF system upon William Miller, Chapter

13 Trustee and upon the U.S. Trustee.



Dated: <u>June 6, 2016</u>                              <u>s/ Jane P. Nylund</u>
                                                        Jane P. Nylund, Esq.
                                                        Philadelphia Legal Assistance
                                                        Attorney for Debtor