## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:  OTIS TERRY** | **BANKRUPTCY CASE** |
| **Debtor** | **NO.: 13-14780--MDC**<br>**CHAPTER 13** |

## ORDER GRANTING MOTION TO REOPEN CASE AND FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, this _____ day of _____, 2016, upon consideration of the Motion of 2013 N. 16th St., LLC ("Movant") to reopen case and for relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1), it is hereby

ORDERED that the case is reopened for purposes of this matter, and the automatic stay under §362(d) of the Bankruptcy Code is hereby terminated so that Movant can pursue its remedies in State Court regarding the property located at 7128 Mt. Airy Place, Philadelphia, PA, including without limitation foreclosure of its lien on said property.

_____
Magdeline D. Coleman, U.S.B.J.

1

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:  OTIS TERRY** | **BANKRUPTCY CASE** |
| **Debtor** | **NO.: 13-14780--MDC**<br>**CHAPTER 13** |

## MOTION TO REOPEN BANKRUPTCY CASE AND FOR RELIEF FROM THE AUTOMATIC STAY

2013 N. 16th St., LLC ("Movant"), by its attorneys, hereby moves to reopen this bankruptcy case and for relief from the automatic stay, and in support thereof states as follows:

1.  This court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. Section 1334 and 157(b)(2)(G).

2.  Movant files this motion of pursuant to 11 U.S.C. Section 362(d)(1) and (d)(2) and Bankruptcy Rules 9013 et seq.

3.  On September 19, 2012, Movant purchased property located at 7128 Mt. Airy Place, Philadelphia, PA (the "Property") at a City of Philadelphia tax sale, paying the sum of $120,000.

4.  On or about June 25, 2014, Movant and the Debtor entered into a Stipulation of Settlement. The Stipulation of Settlement was approved by this Court pursuant to a Consent Order entered on September 18, 2014.   A true and correct copy of the Consent Order at the attached Stipulation of Settlement is attached hereto as Exhibit "A".

5.  The Stipulation provides in relevant part that

    a.      Movant would have an allowed secured claim equal to $125,624.66

1

(paragraph 3).

b.    The Debtor would pay Movant equal monthly installment payments of $1200 commencing 30 days after the effective date of the plan (paragraph 21).

c.    If the Debtor defaults on payments provided for in the stipulation, Movant is entitled to seek relief from the automatic stay to enforce its rights under non-bankruptcy law (paragraph 33).

d.    Debtor shall be responsible for paying current water/sewer bills and real estate taxes on the subject property and be responsible for maintaining hazard insurance on the property and name Movant as a loss payee on the insurance policy (paragraph 43).

d.    If the Debtor defaults on the real estate tax payments or water/sewer payments, or of the Debtor fails to maintain hazard insurance on the Property or fails to name Movant as a loss payee, then Movant is also entitled to seek relief from the automatic stay (paragraph 44).

6.    The Debtor, Otis Terry, is now deceased.

7.    Although no prior notice of default is required under the Stipulation, as a courtesy, counsel for Movant notified counsel for the Debtor on September 30, 2016 and again on October 10, 2016 that Debtor had not made the June, July or August payments. In addition, Movant requested that the Debtor or its counsel provide evidence of current insurance . While there was an exchange of correspondence, they did not resolve either of the above issues.

8.    A check for $1200 was received on or about September 23, 2016, but the October,

2

2016 payment has not been made either. Accordingly, the Debtor has not made the

June, July, August or October payments and Movant is now owed said sum,

together with applicable legal fees.

9.      As noted above, the Stipulation of Settlement approved by this Court via the

Consent Order specifically allows Movant to seek stay relief upon Debtor's default

under the Stipulation. Debtor is now in default and has ignored the notifications

from counsel for Movant regarding same.

10.     This case was closed for statistical purposes on July 11, 2016. It is respectfully

requested that the case be reopened for purposes of this stay relief motion.

WHEREFORE, 2013 N. 16th St., LLC respectfully requests that this Court enter an

Order in the form attached hereto reopening the case and vacating the automatic stay under

§362(d) of the Bankruptcy Code so that Movant can pursue its remedies with respect to the

Property in State Court, and giving such other and further relief as this case may require.

**Weber Gallagher Simpson Stapleton
Fires & Newby, LLP**

   /s/ Peter E. Meltzer
Peter E. Meltzer, Esquire
2000 Market Street, 13th Floor
Philadelphia, PA 19103
267-295-3363
Attorneys for Movant

Dated: October 18, 2016

3

# EXHIBIT "A"

IN RE:                    :        Chapter 13
                          :        Bankruptcy No. 13-14780 (MDC)
                          :
Otis W. Terry, Jr.,          :        Claims litigation
                          :        Objection to Confirmation
                          :
        Debtor              :

## C O N S E N T   O R D E R

AND NOW, this 18th day of September, 2014, upon stipulation of Otis Terry and Patricia

Terry and 2013 N. 16th Street, LLC (hereinafter, "2013 LLC") and Todd Joseph (hereinafter,

"Joseph") , a copy of which is attached hereto as "Exhibit A", it is hereby **ORDERED** and

**DECREED,** in resolution of the disputes between the named parties concerning competing

proofs of claim, the provisions of Debtor's Chapter 13 Plan  and regarding the validity of a

certain Tax Sale Deed conveying Debtor's interest  in Debtor's property, as follows :

            1.       The Stipulation attached hereto as Exhibit A is approved as an Order of

this court and shall bind the parties accordingly;

            2.       The objection to confirmation of Debtor's chapter 13 plan filed by 2013 N.

16th Street, LLC (docket item # 45), is WITHDRAWN.  The clerk of the court is directed to note

this on the docket;

            3.       The proof of Claim, Claim # 1, filed by Debtor on behalf of 2013 LLC

pursuant to Bankruptcy Rule 3004 is **DISALLOWED** as filed;

            4.       The substitute proof of claim, Claim #2, filed by 2013 LLC is

**DISALLOWED** as filed;

            5.       The Tax Deed recorded with the Department of Records on January 15,

2013 and acknowledged by the Sheriff on December 11, 2012 purporting to convey 7128 Mount

This Document Recorded
11/12/2015
12:57PM
Doc Code: DM     Commissioner of Records, City of Philadelphia

Doc Id: 52987713
Receipt #: 1546209
Rec Fee: 252.00

Airy Place, Philadelphia, PA 19119 to 2013 N. 16th Street LLC is avoided pursuant to 11 U.S.C.

§§544(c) and 548(a)(1);

      6.      Pursuant to 11 U.S.C. §550(a)(1) title to 7128 Mount Airy Place,

Philadelphia, PA 19119 is recovered by Debtor and Co-Debtor Patricia Terry for the benefit of

the estate from 2013 N. 16th Street LLC.

      7.      By virtue of the avoidance of the Sheriff's Deed, and the property subject

to the deed having been recovered from 2013 LLC, 2013 LLC has a lien on 7128 Mount Airy

Place, Philadelphia, PA pursuant to 11 U.S.C. §550(e)(1) in the amount set forth below in

paragraph 8;

      8.      By consent of the parties it is **hereby ORDERED** 2013 LLC has **an

allowed secured claim in the amount of $125,624.66,** secured by the aforementioned lien on

7128 Mount Airy Place, Philadelphia, PA 19119. The clerk of the court shall mark the claims

docket to reflect the disallowance of Claim # 1 and Claim # 2 and to note the allowed secured

claim provided by this **ORDER ;**

      9.      The allowed secured claim provided in this **ORDER** shall be paid in

accordance with the provisions of the aforementioned Stipulation of Settlement and in

accordance with the provisions of Debtor's Confirmed Chapter 13 Plan that is  prepared and filed

by Debtor pursuant thereto;

      10.      The avoidance of the Tax Sale Deed to 2013 LLC as set forth in paragraph

5 above and the recovery of the property transferred by that deed, pursuant to 11 U.S.C.

§550(a)(1), set forth in paragraph 6 above, shall not disturb the distribution by the Sheriff of the

City of Philadelphia from the $120,000.00 that were  paid to it by 2013 LLC and that were used

to satisfy liens on 7128 Mount Airy Place, Philadelphia, PA 19119 or to pay the Sheriff's costs,

fees and commissions related to the sale.   The liens that were paid off with funds distributed by

the Sheriff from the sale constitutes part of the "improvement" to  7128 Mount Airy Place,

Philadelphia, PA 19119, within the meaning if 11 U.S.C. §550(e)(2)(C) and (D),  which entitles

2013 LLC to the lien provided for in paragraphs7 and 8 above.

11.    Immediately upon payment by the Debtor to 2013 LLC of funds from the

Sheriff, in an amount of not less than $63,00000, but not before, this **Order** may be recorded by

the Debtor with the City of Philadelphia Department of Records to reflect that title to the

property remains as it was prior to the recording of the aforementioned Tax Sale Deed and that

the aforementioned tax Sale Deed is: **AVOIDED**;

12.    This court shall retain jurisdiction over this order as is necessary to insure

its enforcement..

So Ordered,

_Magdeline D. Co_

Magdeline D. Coleman, B.J.

*MAGDELINE*

cc:    Irwin Trauss, Esquire
Jane Nylund, Esquire
Joanne Werdell, Esquire
Philadelphia Legal Assistance
718 Arch Street, Suite 300N
Philadelphia, PA 19106

Jacqueline Chandler, Esquire
William C. Miller, Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106

-3-

EXHIBIT "A" to Consent Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | Otis W. Terry, Jr. | : | CHAPTER 13 |
| | | : | |
| | Debtor | : | BANKRUPTCY NO. 13-14780-mdc |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made between Debtor Otis W. Terry (hereinafter, "Debtor") and Patricia Terry (hereinafter, "Ms. Terry") on the one side and 2013 N. 16th Street, LLC (hereinafter, "2013 LLC") and Todd Joseph (hereinafter, "Joseph") on the other. 2013 LLC and Joseph may be referred to collectively as "Creditors" and all the parties to this Stipulation of Settlement may be referred to collectively as "Parties". This Stipulation of Settlement is intended to fully, finally and amicably resolve all the various disputes between the Parties as alluded to below in the Recitals and is intended to end all litigation between the Parties.

### RECITALS

1.    The Parties have several disputes related to the ownership of the property located at 7128 Mount Airy Place, Philadelphia, PA 19119 ("The Property");

2.    The disputes center around a Tax Sale of The Property that occurred on or about September 19, 2012 and actions taken by Creditors subsequent to the sale;

3.    Creditors assert that the Tax Sale resulted in 2013 LLC becoming the owner of The Property; Debtor contends that the sale was both void *ab initio*, and voidable under 11 U.S.C. §§544 and 548 of the bankruptcy code, and conveyed no interest in The Property to either 2013 LLC or to Joseph;

4.    After the Tax Sale, Creditors filed certain actions in the Philadelphia Court of Common Pleas which Debtor contends violated various state and federal consumer protection

statutes, giving rise to a claim in favor of Debtor for damages against Creditors. Creditors contend their actions in state court were not actionable and gave rise to no liability in favor of Debtor;

5. After Debtor filed the instant voluntary Chapter 13 Bankruptcy, Creditors took certain actions regarding The Property, including actions regarding the Debtor's Appeal of the Valuation of The Property for Real Estate Tax purposes, which Debtor contends were violative of the automatic stay and give rise to liability against Creditors for Contempt. Creditors contend their actions were appropriate and gave rise to no liability;

6. In the above captioned bankruptcy, Debtor has filed a proof of claim for 2013 LLC pursuant to Bankruptcy Rule 3004. 2013 LLC has filed a substitute claim disputing the amount provided for by Debtor in his proof of claim and disputing its status as a creditor of Debtor. Debtor disputes 2013 LLC's proof of claim on both substantive and procedural grounds.

7. Creditor has filed an objection to Debtor's proof of claim and the hearing for Creditor's claim objection is scheduled for June 26, 2014;

8. Debtor has filed a proposed chapter 13 plan, to which Creditors have objected;

9. Debtor has drafted and refrained from filing adversary proceedings against Creditors;

10. The Parties, in order to avoid the costs and uncertainty of litigating these disputes, seek to amicably resolve all of their differences and to put an end to the litigation between them;

11.    The Parties do so without admitting any of the contentions of the other Party and without admitting any wrongdoing.

WHEREFORE, the Parties hereby Stipulate and Agree to resolve all of their differences by the entry of the Consent Order attached hereto as Exhibit "A" in accordance with the provisions of the stipulation that are set forth below.

### TERMS OF THE STIPULATION OF SETTLEMENT

For and in consideration of the mutual promises and agreements and releases contained herein, the Parties, by their respective attorneys, each of whom have been expressly authorized to act on the behalf of his or her respective client or clients, stipulate and agree to settle all the contested matters that are pending in the above captioned bankruptcy case, including:  Creditors' objection to the confirmation of Debtor's Chapter 13 plan, the dispute regarding the dueling proofs of claim that have been filed by the Parties, the dispute regarding the validity of the Tax Sale and the dispute regarding Debtor's affirmative claims against Creditors, as follows:

1.    The proof of claim, Claim #1, filed by Debtor on behalf of 2013 LLC pursuant to Bankruptcy Rule 3004 shall be disallowed as filed.

2.    The substitute proof of claim, Claim #2, filed by 2013 LLC shall be disallowed as filed.

3

3.      The Parties stipulate and agree that 2013 LLC shall have an Allowed Secured Claim secured by a lien on 7128 Mount Airy Place, Philadelphia, PA 19119 in the amount of $125,624.66[1] (hereinafter "the Allowed Secured Claim").

4.      The Parties agree that the Tax Deed recorded with the Philadelphia Department of Records on January 15, 2013 and acknowledged on December 11, 2012 from the Sheriff to 2013 LLC is void pursuant to 11 U.S.C. §§544(c) and 548(a)(1).

5.      The Parties agree that the lien on The Property securing 2013 LLC's allowed secured claim set forth in paragraph 3 above shall be a lien pursuant to 11 U.S.C. §550(e)(1).

6.      The Parties agree to the entry of the Consent Order attached hereto as Exhibit A by the Court. The Consent Order shall be recorded with the Philadelphia Department of Records and shall constitute record notice of the lien of 2013 LLC on The Property resulting from this Stipulation of Settlement.

7.      The provisions of the Consent Order and of this Stipulation of Settlement, in particular, those providing for the avoidance of the Tax Sale Deed and imposing a lien on the Property and providing the circumstances under which the lien shall be satisfied, shall survive the dismissal of the bankruptcy or the termination of the bankruptcy for any reason.

8.      Any lien or interest of 2013 LLC in or on the Property other than the lien securing the $125,624.66 Allowed Secured claim is VOID pursuant to 11 U.S.C. §506(d) as is

---

[1] This is the sum of the total amount paid by Creditor to the Sheriff in connection with the aforementioned Tax Sale, $120,000.00, plus simple interest at the rate of 10% per annum from the date of acknowledgment of the Tax Deed to the petition date in the amount of $5,624.66.

4

any interest 2013 LLC may claim to have in the property other than what is expressly preserved by this Stipulation of Settlement.

9.    Debtor and Ms. Terry shall have no obligation to pay Creditors any amount, either during the instant bankruptcy or outside of the bankruptcy or if the bankruptcy is terminated for any reason, other than the obligation to pay 100% of the allowed secured claim along with all accrued interest as provided for in the this Stipulation of Settlement.

10.    Debtor and Ms. Terry shall be required to make no periodic, monthly or installment payments to either 2013 LLC or Joseph other than those payments expressly provided by the provisions of this Stipulation of Settlement.

11.    Debtor shall file an Amended Chapter 13 Plan which shall conform to the provisions of this Stipulation of Settlement and shall provide for an effective date for the Plan that is the date of confirmation.

12.    The payments provided in this Stipulation of Settlement shall be made directly by Debtor to 2013 LLC and not through the Chapter 13 Trustee.

13.    Except as expressly provided herein to the contrary, the payments to 2013 LLC provided by the Debtor's proposed plan shall begin on the effective date of the plan, which will be defined in the plan as the date of the order of confirmation.

14.    Debtor's plan shall provide for payment of 100% of the Allowed Secured Claim of 2013 LLC, as set forth in paragraph 3 above, with present value interest on the unpaid balance of the allowed secured claim, pursuant to 11 U.S.C. §1325(a)(5) in the amount of 6% simple interest per annum.

15.    Interest under the preceding paragraph shall begin to accrue on the effective date of the plan and shall be calculated on the unpaid balance of the allowed secured claim that exists as of the effective date of the plan and after every payment that is made on account of the unpaid principal balance of the Allowed Secured Claim.

16.    All payments made by Debtor shall be applied first to reduce the unpaid principal balance of the allowed secured claim.  Payments on account of accrued interest shall not be applied until 100% of the unpaid principal balance of the allowed secured claim is paid in full.

17.    Immediately upon entry by the Court of the Consent Order, Debtor through his attorney, shall transmit to 2013 LLC, through its attorney, a payment in the amount of $14,000.00.

18.    This payment of $14,000.00 shall be applied to reduce the unpaid balance of the Allowed Secured Claim from $125,624.66 to $111,624.66.

19.    On or about the effective date of the plan Debtor shall pay directly to 2013 LLC, or such agent or servicer as it designates, on account of the unpaid principal balance of the Allowed Secured Claim, a lump sum payment of $64,000.00 from the reimbursement check Debtor will receive from the Sheriff's Office for unused proceeds from the Tax Sale.

20.    This payment shall further reduce the unpaid principal balance of the allowed secured claim to $47,624.66.

21.    Commencing 30 days after the effective date of the plan on the effective date of the plan, Debtor shall pay directly to 2013 LLC, or such agent or servicer as it designates,

6

equal monthly payments of $1,200.00. These payments shall continue until 100% of the unpaid

balance of the allowed secured claim, plus all accrued interest is paid in full. It is anticipated

that, if no additional payments are made, these payments shall continue for approximately 44

months from the effective date of the Plan with a final 45th payment in the amount of

approximately $419.02.

22.    Debtor shall make the lump sum payment of $64,000.00 to 2013 LLC

immediately upon receipt of the reimbursed funds from the Sheriff's Office.

23.    Debtor has already completed all the paper work required by the sheriff

for the release of these funds and shall make diligent efforts to secure the release of the funds

from the Sheriff in the most expeditious manner.

24.    Debtor has filed a complaint against the sheriff to turn over the funds

currently held by the sheriff and will be seeking expedited resolution of that complaint with the

intention of obtaining the release of the funds on or before the effective date of the Plan.

25.     The Consent Order shall instruct the Sheriff to forthwith release all the

funds that were not distributed from the proceeds of the Tax Sale and the Amended Chapter 13

Plan shall similarly provide for the immediate release of the funds by the Sheriff.

26.    Debtor shall not be penalized if the payment from the sheriff is not

received by the confirmation date. However, the payments from the debtor will be re-amortized

to reflect the date the payment from the sheriff is received by Creditors. Further, Debtor shall

make his best efforts and shall take all steps available to secure the prompt release of the funds

from the sheriff not later than the effective date of the plan. Debtor shall not, without the consent

of Creditors, file the Consent Decree with the Department of Records before the Proceeds from

the Sheriff are paid to 2013 LLC.

27.    The lien of 2013 LLC on the Property shall survive the confirmation of the

Debtor's Chapter 13 Plan.

28.    The lien, however, shall be reduced to the extent payments are made on

2013 LLC's Allowed Secured claim and shall be entirely extinguished when the Allowed

Secured claim, plus all accrued interest as provided herein, is paid in full, whether these

payments are made during the life of the Debtor's Chapter 13 Plan or thereafter.

29.    Upon full payment of the Allowed Secured Claim, with all accrued

interest, 2013 LLC shall, at its own expense, file with the recorder of Deeds of Philadelphia

County a satisfaction piece reflecting the satisfaction of the lien.

30.    The original of such satisfaction piece shall be provided to Debtor's

counsel after it is returned to 2013 LLC, or its agent, by the office of the Department of Records.

31.    2013 LLC and Joseph are specifically enjoined from using any self-help

remedies to enforce the terms of this Stipulation of Settlement.

32.    2013 LLC and Joseph are individually and jointly prohibited from any

form of direct communication with Debtor and Ms. Terry.  Any communication concerning this

Stipulation of Settlement shall be through Debtor's undersigned counsel.

33.    If the Debtor defaults on the payments provided for in this stipulation,

2013 LLC is entitled to seek relief from the automatic stay to enforce its rights under non-

bankruptcy law to collect the unpaid balance of the Allowed Secured Claim and all accrued

8

interest through the Courts, as provided for herein.  Creditors are also entitled to pursue any relief from the Court that may be available to them under applicable bankruptcy law.

34.    The Parties agree that in any proceeding Creditors may bring against Debtor in any forum other than Bankruptcy Court,  2013 LLC's claim against the Property shall never exceed the unpaid balance of the allowed secured claim plus all unpaid interest accrued at the rate provided for herein and in Debtor's Confirmed Chapter 13 Plan.

35.    The Court shall in the Consent Order provide that the objection of 2013 LLC to Debtor's proof of claim is withdrawn.

36.    The Consent Order shall provide that the objection of 2013 LLC to the confirmation of Debtor's Chapter 13 plan is withdrawn.

37.    Creditors shall within 30 days of the date of entry by the Court of the Consent Order on the docket, file with the Prothonotary of the Philadelphia Court of Common Pleas an order vacating the default judgment entered in the case of 2013 N. 16th Street, LLC v Terry et al, CCP. Phila. Cty January Term 2013 No. 00821 and marking the case "Settled, Discontinued and Ended."

38.    Debtor shall within 30 days of the date of entry by the Court of the Consent Order file with the Court an Amended Chapter 13 plan that is consistent with this Stipulation of Settlement and that expressly incorporates the provisions of this Stipulation of Settlement by reference.

39.    Neither 2013 LLC nor Joseph shall object to the Confirmation of said Plan so long as the Plan provides for the Allowed Secured Claim of 2013 LLC in a manner that is consistent with the provisions of this Stipulation of Settlement.

40.    If any unpaid balance remains on 2013 LLC's Allowed Secured claim at the end of Debtor's Bankruptcy case, then interest shall continue to accrue at 6% per annum, on the unpaid principal balance of the allowed secured claim until paid in full, along with all accrued interest.

41.    No interest shall accrue on the accrued interest.

42.    Each party to this stipulation certifies that he, she or it did nothing to encumber the property, either voluntarily or involuntarily, from the date of the tax sale of the Property to the date of stipulation.

43.    Debtor shall be responsible for paying the current water/sewer bills and real estate taxes for the Property or making appropriate payment arrangements with the City of Philadelphia regarding the real estate taxes, and Debtor shall be responsible for maintaining hazard insurance on the property and name 2013 LLC as a loss payee of the insurance policy.

44.    If the Debtor defaults on the real estate tax payments or water/sewer payments, or if the Debtor fails to maintain hazard insurance on the property or fails to name 2013 LLC as a loss payee on the insurance policy, then 2013 LLC is entitled to seek relief from the automatic stay.  Debtor maintains the right to dispute both the existence of a default and the appropriate remedy in the event 2013 LLC seeks relief from the automatic stay.

10

45.    Under no circumstances shall 2013 LLC or Joseph make payments on local real estate taxes or water/sewer bills for the Property. Any payments made by 2013 LLC or Joseph toward local real estate taxes or water/sewer bills shall be considered voluntary payments and shall not be reimbursed.

46.    Debtor may prepay 100% of the unpaid principal balance of the Allowed Secured Claim at any time.

47.    Debtor and Ms. Terry, in consideration for the mutual agreements contained herein, hereby releases 2013 LLC and Todd Joseph from any and all claims, counterclaims, rights, actions, causes of actions, demands, damages, losses, liabilities, statutory penalties, stay violations, costs, attorney's fees, and/or expenses whatsoever, including, but not limited to claims related to the September 19, 2012 tax foreclosure sale of Debtor and Ms. Terry's property and the Debtor's Bankruptcy Case, whether known or unknown, from the beginning of the world to the date of this Stipulation and Order.

This release includes, but is not limited to all claims Debtor or Ms. Terry may have against 2013 LLC or against Todd Joseph, inclusive, for:

1.    Damages under the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.5;

2.    Damages under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2 for ascertainable loss of money, triple damages pursuant to 73 P.S. § 201-9.2, damages to debtor's credit reputation, and for attorney's fees and costs under 73 P.S. § 201-9.2;

11

3. Damages for violations of the automatic stay pursuant to 11 U.S.C. §362(k) arising out of the post petition attempts by 2013 LLC and Joseph to dispossess Debtor and Ms. Terry from their home; as well as damages for contempt related to the attempts by 2013 LLC and Joseph to sabotage Debtor's appeal of from the real estate tax valuation of The Property;

4. Punitive damages and attorney's fees under 11 U.S.C. § 362(k);

5. Damages for the unlawful demand of rent and monetary damages during a time when Debtor and Ms. Terry were entitled to peaceful possession of the Property;

6. Damages for the intentional infliction of emotional distress resulting from the threats of 2013 LLC and Joseph to dispossess Debtor and Ms. Terry and to terminate water to the property; and

7. Damages for abuse of process for filing a complaint in ejectment in the absence of any basis for doing so prior to the expiration of the redemption period.

This release also applies to all challenges the Debtor or Ms. Terry may raise as to the validity of the underlying sheriff sale of the Property under state law, and the validity of the transfer resulting from the sheriff sale of the Property under state law, as well as all claims the Debtor or Ms. Terry may have for avoidance of the September 19, 2012 sheriff sale pursuant to 11 U.S.C. §544(a)(3); avoidance of the September 19, 2012 sheriff sale pursuant to 11 U.S.C. §548, and avoidance of the lien on the Property, if any, pursuant to 11 U.S.C. §545(2). The only

12

obligations of 2013 LLC and Joseph to Debtor and Ms. Terry and the only claims of Debtor and Ms. Terry that shall survive this release are the obligations arising out of this Stipulation of Settlement and those claims that arise from events occurring after the date this Stipulation of Settlement is fully executed by the parties.

48.     2013 LLC and Todd Joseph, in consideration for the mutual agreements contained herein, hereby release Debtor, Ms. Terry and the Property from any and all claims, interests, counterclaims, rights, actions, causes of actions, demands, damages, losses, liabilities, statutory penalties, costs, attorney's fees, and/or expenses whatsoever, including, but not limited to the claims relating to or arising out of the September 19, 2012 tax foreclosure sale of the Property and the Debtor's Bankruptcy Case, whether known or unknown, from the beginning of the world to the date of this Stipulation and Order. The only obligations, claims and interests that shall survive this release are the obligations arising out of this Stipulation of Settlement and those claims that arise from events occurring after the date this Stipulation of Settlement is fully executed by the parties.

49.     The Court shall retain jurisdiction to enforce this Stipulation of Settlement both before and after the dismissal or termination of the instant bankruptcy action as the parties' compliance with the terms of the Stipulation are essential to the Debtor's plan and to the success of the plan.

50.     The parties agree that a facsimile signature shall be given the same effect as an original signature.

13

Intending to be legally bound thereby, the parties to the above captioned action, by their respective attorneys, each of whom has been expressly authorized to enter into this Stipulation and Order, set their signatures below.

Peter E. Meltzer, Esq.
Weber Gallagher
Attorney for 2013 N 16th Street, LLC
and for Todd Joseph
2000 Market Street, 13th Floor
Philadelphia, PA 19103

Date: 6/27/14

Patricia Terry PRO SE
7128 Mount Airy Place
Philadelphia, PA 19119

Date: 6/25/14

Irwin Trauss, Esq.
Philadelphia Legal Assistance
Attorney for Debtor
718 Arch Street,
Suite 300N
Philadelphia, PA 19106
(215) 981-3811

Date: 6/25/2014

14

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  **OTIS TERRY** | **BANKRUPTCY CASE** |
| **Debtor** | **NO.: 13-14780--MDC**<br>**CHAPTER 13** |

## NOTICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE

    2013 N. 16th St., LLC has filed a motion to reopen this bankruptcy case and for relief from the Automatic Stay with the court seeking to reopen the case and vacate the automatic stay to allow it to foreclose on property located at 7128 Mt. Airy Place, Philadelphia, PA.

    <u>**Your rights may be affected.**</u>   **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.   (If you do not have an attorney, you may wish to consult with an attorney.)**

1.    If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before **November 7, 2016** you or your attorney must do <u>all</u> of the following:

    (a)    file an answer explaining your position at: Clerk's Office, U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107.

    If you mail your answer to the bankruptcy court's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

    (b)    mail a copy to the movant's attorney

        Peter E. Meltzer, Esquire
        **Weber Gallagher**
        2000 Market Street, 13th Floor
        Philadelphia, PA 19103
        Phone No.: 267-295-3363
        Fax No.: 215-564-7699

    If you or your attorney do not take the steps described in paragraph 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

2.    A hearing on the motion is scheduled to be held before the Honorable Magdeline D. Coleman at **11:00 a.m. on November 17, 2016 in Courtroom No. 2**, United States Bankruptcy Court, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA, 19107.

3.      If a copy of the motion is not enclosed, a copy of the motion will be provided to you request a copy from the attorney named in paragraph 1(b).

4.      You may contact the Bankruptcy Clerk's office at 215-408-2800 to find out whether the hearing has been canceled because no one filed an answer.

Dated:   October 19, 2016

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: **OTIS TERRY** | **BANKRUPTCY CASE** |
| **Debtor** | **NO.: 13-14780--MDC**<br>**CHAPTER 13** |

## CERTIFICATE OF SERVICE

I, Peter E. Meltzer, Esquire, of Weber Gallagher Simpson Stapleton Fires & Newby,

LLP, counsel for 2013 N. 16th St., LLC, certify that I am serving a true and correct copy of the

foregoing **Plaintiff's Motion to Reopen Bankruptcy Case and for Relief from the**

**Automatic Stay along with Notice of Motion, Response Deadline and Hearing Date** via first

class mail, postage prepaid and via CM/ECF on the following:

**Otis William Terry, Jr**
7128 Mount Airy Place
Philadelphia, PA 19119

**JANE P. NYLUND** and **IRWIN LEE TRAUSS**
Philadelphia Legal Assistance
42 South 15th Street
Philadelphia, PA 19102
Email: jnylund@philalegal.org

**WILLIAM C. MILLER2**
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106
Email: philaecf@gmail.com

**JACQUELINE M. CHANDLER**
Office of the Chapter 13 Trustee
P.O. Box 40119
Philadelphia, PA 19106

**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP**

Dated: October 19, 2016

By:____/s/Peter E. Meltzer_____
　　　PETER E. MELTZER